1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE LUIS VALDEZ,                      No.  2:16-cv-2164 WBS DB P

12              Plaintiff,

13        v.                               ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
14   MATOLON,

15              Defendant.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18   1983.  Plaintiff alleges his private medical information may have been on an unencrypted laptop

19   computer that was stolen from an employee of defendants.  Before the court are plaintiff's motion

20   to proceed in forma pauperis and plaintiff's complaint for screening.  For the reasons set forth

21   below, the court grants plaintiff's motion to proceed in forma pauperis and recommends dismissal

22   of the complaint without prejudice.

23                            **IN FORMA PAUPERIS**

24        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

26        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

                                        1

1    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

2    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

3    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

4    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

5    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

6    1915(b)(2).

**SCREENING**

7

8    **I.      Legal Standards**

9          The court is required to screen complaints brought by prisoners seeking relief against a

10   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

11   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

12   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

13   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

14   U.S.C. § 1915A(b)(1) & (2).

15         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

16   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

17   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

18   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

19   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

20   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

21         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25   However, in order to survive dismissal for failure to state a claim a complaint must contain more

26   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

27   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

28   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations of the Complaint**

Plaintiff is incarcerated at the California Medical Facility.  Plaintiff identifies Dr. Matolon, a Mental Health Specialist with California Correctional Health Care Services ("CCHCS") and "John Does" as defendants.  In his first claim, plaintiff alleges that Dr. Matolon and her employers conspired to violate plaintiff's and other prisoners' civil rights by failing to keep their

////

////

3

medical records confidential.  Plaintiff contends this failure amounts to a violation of numerous constitutional rights.[1]

In his second claim, plaintiff contends his Fourth Amendment right to be free of unreasonable searches and seizures was violated by Dr. Matolon's placement of his electronic medical records, representing his care for eighteen years, in an unencrypted laptop computer which was stolen from her car.  In his third claim, plaintiff alleges the defendants deprived him of his personal information/property without due process.

Attached to plaintiff's complaint are notices and letters showing that inmates were advised that a laptop computer that may have had personal information about inmates was stolen from an employee's car.  These documents explain that CCHCS "cannot be certain of whether or not information was breached or even located on the laptop."  (Ex. to Comp. (ECF No. 1 at 11).)

Plaintiff seeks compensatory and punitive damages.  He also requests a permanent injunction requiring defendants to adhere to California laws and regulations regarding the storage of prisoner's private information.

**III.    Does Plaintiff State a Cognizable Federal Claim?**

Plaintiff fails to state a cognizable claim because he fails to show he has suffered an injury in fact.  Article III of the Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies."  U.S. Const. art. III, § 2.  "'One element of the case-or-controversy requirement' is that plaintiff [ ] 'must establish that [he has] standing to sue.'"  Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013) (quoting Raines v. Byrd, 521 U.S. 811, 818(1997)).  To satisfy Article III standing, plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the

---

[1] Plaintiff also cites California rules and regulations regarding information privacy.  Plaintiff does not plead state law claims as a separate cause of action, but rather relies on state laws and regulations within his claims alleging constitutional violations.

1   court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted) (internal

2   quotation marks, brackets and ellipses omitted).

3         The fact that medical records are entitled to privacy protections, under state law or under

4   federal law, does not, itself, provide for a private right of action under § 1983.  Webb v. Smart

5   Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of

6   Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to

7   be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court

8   action.")).

9         While potential future harm can in some instances confer standing, plaintiff must face "a

10  credible threat of harm" that is "both real and immediate, not conjectural or

11  hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and

12  internal quotation marks omitted) (holding that threat of potential identity theft created by theft of

13  a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers

14  was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would

15  make threat "far less credible"); Clapper, 133 S. Ct. at 1147 ("[A]n injury must be concrete,

16  particularized, and actual or imminent." (Citation and internal quotation marks omitted.)).

17        In the body of his complaint, plaintiff appears to contend that his medical information was, in

18  fact, on the stolen laptop.  However, the exhibits supporting the complaint do not support that

19  contention.  Plaintiff's allegations are based upon a notification which states that it is unknown

20  whether any sensitive information is contained in the laptop and that even if there is sensitive

21  information in the laptop, the scope of the information, including whether any of plaintiff's

22  information is contained therein, is unknown.  In other words, whether plaintiff's sensitive

23  information has been compromised is unknown.  Plaintiff cannot state a claim for relief based

24  upon the speculative breach of his sensitive information.  Thus, his claim for violation of his

25  constitutional right to informational privacy should be dismissed without prejudice for lack of

26  ////

27  ////

28  ////

5

standing.[2]  See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

## IV.     Potential State Law Claims

Plaintiff asserts that under the California Code of Regulations, all laptops are to be encrypted. However, any violation of state tort law, state regulations, rules and policies of the department of corrections, or other state law is not sufficient to state a claim for relief under § 1983.  To state a claim under § 1983, there must be a deprivation of federal Constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976); Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law.").  Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.

Because plaintiff lacks standing to pursue his federal claims, this court should decline to exercise supplemental jurisdiction over plaintiff's putative state law claims.[3]  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

## V.     No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see

---

[2] A number of prisoners have filed suits similar to plaintiff's based on the same notices from CCHCS. All appear to have been dismissed, without leave to amend, for lack of standing.  See, e.g., Rosel v. Cal. Corr. Health Care Servs., No. 2:17-cv-0053 JAM AC P, 2017 WL 1105937 (E.D. Cal. Mar. 24, 2017) Chubbuck v. Cal. Corr. Health Care Servs., No. 2:16-cv-1325 JAM KJN P, 2016 WL 7104236 (E.D. Cal. Dec. 5, 2016); Miles v. Cal. Corr. Health Care Servs., No. 2:16-cv-1323 KJN P, 2016 WL 7104235 (E.D. Cal. Dec. 5, 2016); Wingfield v. Cal. Corr. Health Care Servs., No. 2:16-cv-2407 CKD P, 2016 WL 6493939 (E.D. Cal. Nov. 1, 2016);  Fletcher v. Cal. Corr. Health Care Servs., No. 16-cv-4187-YGR (PR), 2016 WL 5394125 (N.D. Cal. Sept. 27, 2016).

[3] The court takes no position on whether plaintiff would be able to successfully pursue his claims in state court.

also <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff lacks standing to bring his federal claims, and amendment would be futile because the notification on which plaintiff's allegations are based establishes only speculative injury that is not real or immediate. Because plaintiff lacks standing to pursue his federal claims, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims, and should dismiss the complaint without prejudice.

**VI.    Conclusion**

The complaint will be dismissed without prejudice because the facts show only that plaintiff's sensitive information might have been stolen, and the letters he relies on establish that he will not be able to show that his information was actually stolen because it is not known what was on the laptop.  Plaintiff's injury is therefore too speculative to support a claim.  Plaintiff's attempt to show injury fails because the injury occurred before the laptop was stolen.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis is granted; and

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

////

////

////

1   objections within the specified time may waive the right to appeal the District Court's order.

2   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:  April 3, 2017

4

5

6   DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17   DLB:9
     DLB1/prisoner-civil rights/vald2164.scrn
18

19

20

21

22

23

24

25

26

27

28

8